**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

United States of America, acting through the Rural Housing Service, its successors and assigns, United States Department of Agriculture, Appellant,

v.

James Y. Fisher, II, and Stacy C. Fisher a/k/a Stacy C. Woodle a/k/a Stacy C. Contris, Respondents.

Appellate Case No. 2025-000692

Appeal From Horry County
Alan D. Clemmons, Master-in-Equity

Unpublished Opinion No. 2026-UP-258
Submitted May 21, 2026 – Filed June 3, 2026

**AFFIRMED**

Taylor Anthony Peace, of Harrell, Martin, & Peace, P.A., of Chapin, for Appellant.

James Y. Fisher, II and Stacy C. Fisher, both of Conway, pro se.

**PER CURIAM:** United States of America, acting through the Rural Housing Service or successor agency, United States Department of Agriculture (USDA),

appeals the master-in-equity's order granting judgment of foreclosure against James Y. Fisher, II and Stacy C. Fisher (together, Respondents), and the master's order denying reconsideration pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure.  On appeal, USDA argues the master erred in (1) determining it failed to meet its burden of proof regarding fees owed for property tax payments and insurance payments (escrow fees); (2) sua sponte raising and relying upon affirmative and other defenses not asserted by Respondents in reducing the amount of debt owed; and (3) impermissibly altering the terms of the mortgage by reducing the amount of escrow fees recoverable under the terms of the mortgage.  We affirm pursuant to Rule 220(b), SCACR.[1]

As to issue one, we hold the master did not err in finding USDA failed to meet its burden of proof regarding the escrow fees.[2]  *See Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."); *U.S. Bank Tr. Nat. Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009) ("In an appeal from an action in equity, tried by a [court] alone, we may find facts in accordance with our own view of the preponderance of the evidence.").  We agree with the master that the evidence presented by USDA failed to substantiate its request; therefore, we hold a preponderance of the evidence supports the master's findings.  *See Bell*, 385 S.C. at 373, 684 S.E.2d at 204 (noting the standard of review "does not require an appellate court to disregard the findings below or ignore the fact that the [master] is in the better position to assess the credibility of the witnesses" (quoting *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001))).

---

[1] Respondents did not file a brief.  This court may take any action it deems proper—including reversal—when a respondent fails to timely file a brief.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

[2] Insofar as USDA argues the master erred in applying an incorrect burden of proof, we need not address the issue because USDA did not prove its claims by a preponderance of the evidence.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that if one of multiple issues on appeal is dispositive, the appellate court need not reach remaining issues).

As to issues two and three, we hold our disposition of issue one is dispositive; therefore, we decline to address the remaining issues. *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (stating that if one of multiple issues on appeal is dispositive, the appellate court need not reach remaining issues).

**AFFIRMED.**[3]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.